## Rowles v. Rowles

*Ralph Germak,* for plaintiff.
*Randall Zimmerman,* for defendant.

REHKAMP, *J.,* July 25, 1994—At a contempt hearing held on June 29, 1994, the defendant, through counsel, Randall Zimmerman, Esquire, presented this court with a jurisdictional question and also a question of the authority of the court to sua sponte issue an order extending a P.F.A. order for an additional one year because of a finding of contempt by this court of a previous P.F.A. order. At that point the hearing was stopped and counsel were directed by this court to submit authorities for their positions on this matter. Counsel for the de-

fendant submitted a letter memorandum dated July 11, 1994 and although this court has not received the Commonwealth's reply to said letter memorandum, this court is prepared to issue the following memorandum.

This memorandum first addresses defendant's challenge to this court's jurisdiction over the criminal contempt hearing resulting from the violation of a P.F.A. order.

Defendant argues that this court does not have subject matter jurisdiction over the violation because, although this court was the issuing authority of the P.F.A., the actual violation which triggered the contempt took place in Dauphin County. As such, because a crime must occur within the jurisdiction for a court to assume jurisdiction over a case, counsel argues by analogy that this court does not have subject matter jurisdiction because the P.F.A. violation is criminal in nature and the violation itself took place outside this jurisdiction. For the reasons listed below, this argument is rejected.

As defendant has indicated, 23 Pa.C.S. §6114 states that "[s]ubsequent to an arrest, the defendant shall be taken by the police officer without unnecessary delay before the court in the judicial district *where the contempt is alleged to have occurred....*" 23 Pa.C.S. §6114(c). (emphasis added) By itself, this paragraph is ambiguous for two reasons: (1) It fails to indicate to which step in the judicial process it applies, (Read in context with 23 Pa.C.S. §6114(d), it would appear that paragraph (c) was for bail purposes.) and (2) It does not define the type of contempt involved, which might lead one to conclude that jurisdiction over the contempt hearing is dependent upon the location of the violation. This ambiguity, however, is resolved in 23 Pa.C.S. §6114.

Paragraph (a) states that "[u]pon violation of a protection order issued under this chapter or court approved

consent agreement, the court may hold the defendant in *indirect criminal contempt* and punish this defendant in accordance with law." 23 Pa.C.S. §6114(a). (emphasis added) Although the rights of persons charged with indirect criminal contempt is the subject of a statute, see 42 Pa.C.S. §4136, the definition of indirect criminal contempt is found only in case law. "[I]ndirect criminal contempt consists of the violation of an order or decree of a court which occurs outside the presence of the court." *Knaus v. Knaus,* 387 Pa. 370, 375, 127 A.2d 669, 671 (1956); *Penn Anthracite Mining Company v. Anthracite Miners of Pennsylvania* 318 Pa. 401, 178 A. 291 (1935). Nowhere in this definition does it say that the violation which occurs "outside the presence of the court" must occur within the physical confines of the court's jurisdiction. Moreover, it is well established that the purpose of criminal contempt, as opposed to civil contempt is "the vindication of the dignity and authority of the court and to protect the interests of the general public." *Commonwealth v. Marcone,* 487 Pa. 572, 577, 410 A.2d 759, 762 (1980); *Wetzel v. Suchanek,* 373 Pa. Super. 458, 541 A.2d 761 (1988).

This purpose, together with the authority given to this court by 23 Pa.C.S. §6114 to hold the defendant in indirect criminal contempt, clearly gives this court subject matter jurisdiction over the P.F.A. violation regardless of the actual location of the offense.

A second issue pertains to whether this court properly extended the P.F.A. order dated February 19, 1993 at the contempt hearing on February 8, 1994. Assuming that the basis of this issue is 23 Pa.C.S. §6108(b), counsel argues that the extension of the order is invalid because there was no petition requesting an extension and no hearing where additional acts of abuse are alleged and proved.

First, it should be noted that the defendant was present at the contempt hearing when the P.F.A. order was extended for an additional year. Although this court does not recall whether or not the plaintiff requested an extension as a transcript is not available to this court, it is clear that this court extended the P.F.A. order for an additional one year because of the finding of contempt of the previous court order based on the assaultive behavior of the defendant against plaintiff as established at said hearing. That having been said, this court believes that the contempt hearing provided a more than adequate opportunity for the defendant to object to the request and provide evidence in his favor. Additionally, the case law that counsel provided to support his argument, see *Keith v. Keith,* 28 D.&C.3d 462 (1984), is not applicable here because in the present case sufficient evidence of subsequent abuse was provided in the contempt hearing.

In summary, this court finds it does have subject matter jurisdiction over the P.F.A. violation and that the P.F.A. order was properly extended at the February 8, 1994 hearing.

## ORDER

And now, July 25, 1994, in accordance with the reasoning in the attached memorandum, it is hereby ordered and directed that the pre-hearing motions to dismiss for lack of jurisdiction and lack of authority to extend a P.F.A. order are hereby denied.

The court administrator shall schedule hearing in this matter in conjunction with the District Attorney's Office of Juniata County.